

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00607-CR

| | | |
|---|---|---|
| Jason Brian Burress | § | From County Criminal Court No. 4 |
| | § | of Denton County (CA-2012-00002-CCA) |
| v. | § | January 31, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00607-CR

JASON BRIAN BURRESS                                              APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jason Brian Burress attempts to appeal his conviction for speeding. Appellant appealed his conviction from the municipal court to the county criminal court, which signed its order on October 23, 2012. No motion for new trial was filed. Under our rules, Appellant's notice of appeal was due on November 26, 2012. *See* Tex. R. App. P. 26.2(a)(1). Appellant did not file his notice of appeal, however, until December 3, 2012.

---

[1]*See* Tex. R. App. P. 47.4.

An appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party (a) files in the trial court the notice of appeal *and* (b) files in the appellate court a motion complying with rule 10.5(b). Tex. R. App. P. 26.3. In this case, a motion to extend time to file the notice of appeal was due on December 11, 2012. *See id.* Appellant filed a response to our jurisdiction letter, which we broadly construe as a motion to extend time to file his notice of appeal, on December 27, 2012. It is, therefore, untimely.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210.

Because Appellant's notice of appeal and motion to extend time to file notice of appeal were untimely, we have no jurisdiction over this appeal. Accordingly, we deny the motion to extend time to file notice of appeal and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 26.3, 42.3(a), 43.2(f).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 31, 2013